■ S. & H. JOSEPHSON REALTY CORPORATION OF ELMIRA, NEW YORK, INC., Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 52062.) — Appeal from a judgment of the Court of Claims awarding the claimant $85,200 plus interest for the taking of seven adjoining parcels totaling 1.186 acres located in Elmira, New York. All of the properties involved were improved with multi-family residential structures, ranging in condition from fairly good to poor. Claimant's appraiser concluded that the highest and best use of the property, which he felt should be treated as a unit, was potential institutional use with an interim use as multi-family residential, and found a total value of $108,550 for the property taken. The State's appraiser, concluding that the highest and best use was residential, and valuing each of the seven parcels separately on the basis of comparable sales to which he made individual adjustments, arrived at a total value of $68,000. The trial court concurred in the conclusion of the State's appraiser that the highest and best use was residential but, without any explanation, concluded that the value of all the property, and therefore the damages, was $85,200. The appraisal method utilized by the claimant's appraiser of averaging the value of neighboring properties and then making certain adjustment to that average was clearly faulty (*Latham Holding Co.* v. *State of New York*, 16 N Y 2d 41). Moreover, by finding that the highest and best use was residential, the trial court outwardly rejected any assertion of potential institutional use and the validity of claimant's appraiser's proof and yet, without adequate explanation or evidence advanced in support of a higher award, found a value which differed from that advanced by the State's expert. Absent some supportive evidence the trial court's determination must be deemed to have been based solely upon the court's subjective judgment and, therefore, cannot be upheld. (*Baml Realty* v. *State of New York*, 35 A D 2d 857.) Judgment reversed, on the law and the facts without costs, and a new trial ordered. Herlihy, P. J., Staley, Jr., Greenblott, Sweeney and Reynolds, JJ., concur.